UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF ILLINOIS

FILED
JUL 2 1 2008
JUL 21 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Shaunta Turner,  )
    Petitioner  )  Civ. No. _____
      )  Crim. No. 06-CR-734-1
vs.  )  Honorable Gettleman,
      )  Presiding Judge

UNITED STATES,
    Respondent.

08CV 4115
JUDGE GETTLEMAN
MAGISTRATE JUDGE KEYS

PETITION TO VACATE, AMEND, OR SET ASIDE
SENTENCE PURSUANT TO 28 U.S.C. §2255

    NOW COMES Shaunta Turner, Pro Se Petitioner, and respectfully moves this Court pursuant to 28 U.S.C. §2255. Petitioner seeks relief from a constitutionally un-sound sentence.

    Petitioner declares that his sentence does not comport with due process requirements, that multiple punishments for the same offense are repugnant to the Constitution. That a sentence that has been divided into increments, to be served under the authority of separate and distinct facets of our government runs afoul of the doctrine of Separation of Powers.

    The Petitioner believes that if he can establish these two principles, the record, judged on its face, entitles him to relief.

### JURISDICTIONAL STATEMENT

    Article 1 §9, cl.2 of the United States Constitution provides the right for redress of grievances. Of course, this right is harmonized by way of the fifth amendment, due process clause.

1.

A defendant must be allowed to reasonably present claimed violations of fundamental rights to the courts. Bounds v. Smith, 430 U.S. 817 825 (1977), Accord Lewis v. Casey, 518 U.S. 343, 350 (1996).

## NATURE OF THE CASE

Petitioner postulates a two part facial attack on the term of supervised release that is to be applied upon completion of his 10 year prison term. Petitioner contends that, as now applied, his supervised release must be deemed as being in excess of the legislature's intended purpose in imposing supervised release.

The Petitioner further proscribes that, the legislature failed to define supervised release with the required definiteness to prevent arbitrary enforcement.

## RELIEF

Petitioner prays the following relief from this Honorable Court; a modification of the Judgment, order of commitment, issued on April 7, 2008 directing the Bureau of Prisons to release Mr. Turner after serving 60 months (minus good time) in prison so that he may serve the remaining 60 months on supervised release. In other words, specific compliance with the plea agreement.

In the alternative, the Petitioner requests that the Court strike the term of supervised release using the doctrine of severability. See I.N.S. v. Chadha, 462 U.S. 919 at 932 (1983) or issue a ruling that declares the statute void ad initio. See Ex Parte Siebold, 100 U.S. 371, 376-77 (1879).

Mr. Turner prays further relief; that the court define the term "supervised

release" and it's application in this case. That the court grant Mr. Turner a hearing to determine the issues raised in this petition.

### PROCEDURAL HISTORY AND STATEMENT OF FACTS

1. The date of the offense was June 9, 2005.

2. Petitioner was arrested on October 6, 2005.

3. Petitioner pleaded guilty, and was sentenced on February 28, 2008.

4. Petitioner is guilty of 21 U.S.C. §841 (A)(1), Distributing a Controlled Substance, namely, a mixture containing crack cocaine.

5. The court imposed a $100.00 dollar assessment fee and $3,000.00 dollars in restitution.

6. The court imposed a 120 month sentence (ten years).

7. The court imposed an additional sentence, a term of 60 months (five years) to be served under the guise of supervised release.

8. The combined total of the two terms of commitment imposed on Mr. Turner is 180 months (fifteen years).

9. There were no aggravating factors in this case.

10. There was no appeal of conviction in this case.

11. There have been no other collateral challenges taken in this case.

12. Hereinafter, S.R. denotes the term "supervised release".

### DOUBLE JEOPARDY

Article 5, cl. 2 of the United States Constitution provides the right to be free of multiple punishments for a single criminal offense.

As a general rule, a counseled plea of guilty would forclose any inquiry into a double jeopardy claim.

The Supreme Court announced in U.S. v. Broce, 428 U.S. 563, 574-75 (1989), the exception to the general rule. The Court, relying on Blackledge v. Perry, 417 U.S. 21, 30-31 and Menna v. New York, 423 U.S. 61 at 62 (1975), declared that, "where the state [court] is precluded by the United States Constitution from [punishing] haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty". (brackets added)

The Broce Court explictly held that "a plea of guilty to a charge does not waive a claim that - judged on its face - the charge is one which the state [court] may not constitutionally prosecute [punish]". (brackets added)

These announcements by the Court clearly exhibit a jurisdictional element to the challenged conduct, i.e. a violation of the double jeopardy clause.

This jurisdictional element, is the case and point at hand. The very power of the court to impose a sentence that, not only is to be served under the authority of two separate and distinct branches of government, the sentence itself, in all essence, is two very distinct sentences.

### SEPARATION OF POWERS

The powers retained by each of the three facets of the federal government are granted by the Constitution in Article I, II, and III. The distribution of power is discharged as follows: the legislature makes the law; the executive executes the law ; and the judiciary construes the law. Wayman v. Southard, 10 wheat. 1, Kendall v. ex. rel. Stokes, 12 Pet. 524 (1825).

The separation of power is the founding principle of our federal government. Allen v. Wright, 468 U.S. 737, 750 (1984).

4.

The Constitution prohibits one branch of government from exercising the power that, rightfully, belongs to another branch. Scott v. Sandford, 60 U.S. 393 (1856). Mistretta v. U.S., 488 U.S. 361 (1989) and this fundamental principle holds true regardless of whether or not the encroached upon branch approves of the encroachment. New York v. U.S., 505 U.S. 144, (1992).

The Mistretta Court declared; "as a general principle...executive or administrative duties of a non-judicial nature may not be imposed on judges holding office under Article III of the Constitution". Id. 385

In any event, the ultimate purose of this division of power is to protect the freedom and security of the American people from any undue encroachment by the federal government. Metropolitan Wash. Airport Auth. v. Citizens for Abatement of Aircraft Noise, 501 U.S. 252 (1991).

ANALYSIS

Mr. Turner was sentenced to a term of 120 months of imprisonment, to be served under the authority of the executive branch of the government, i.e. Bureau of Prisons. Furthermore, the Petitioner was sentenced to a second term of 60 months, to be served under the authority of the judicial branch of the government, i.e. court services; parole officer. The combined sentences bring the total amount of punishment up to 180 months.

This could not have been the legislative intent. The Constitution prohibits the legislature from delegating the authority that, rightfully, belongs to the executive, to the judicial branch of the federal government. Furthermore, multiple sentences are strictly barred by the Constitution. It is presumed that the legislature, legislates within the parameters explicitly outlined by the

Constitution. <u>Jones v. U.S.</u>, 526 U.S. 227, 240 (1999); and "a presumption never ought be indulged that congress meant to usurp any constitutional authority, unless the conclusion is forced upon the court by language altogether unambiguous". <u>U.S. v. Coombs</u>, 37 U.S. (12 Pet.) 72, 76 (1838).*

Due to questions of constitutionality this statute must be construed so as to allow the term of S.R. to be served within the time frame of the lawfully imposed portion of the sentence, i.e. within the 120 months in this case. This is the only interpretation which gives full function and operation to the statute without harming Mr. Turner's constitutional rights.

Here it is declared that any other interpretation would require the court to re-write the statute and would amount to a pervertion of its purpose. See <u>Aptheker v. Secretary of State</u>, 378 U.S. 500 at 515 (1964).

Furthermore, it is a maxium of Law that Congress must define crimes and punishments with explicit definitness. This requirement is mandated by the fifth amendment, due process clause. Moreover, it is necessary to prevent discriminatory application or arbitrary enforcement. See <u>Posters "N" Things Ltd. v. U.S.</u>, 511 U.S. 513, 525 (1994).

A diligent search of congressional records, legal digests, and law dictionarys support the fact that Congress failed to define the term "supervised release" at all. This failure equates to a violation of due process. The statute is therefore, void ad initio, as the court explained in <u>Ex Parte Siebold</u>, 100 U.S. 371, 376-77 (1879).

---

\* This time could be extended even further by a mere technical violation of S.R.

In order to achive abridgment and retain the purpose of the statute, without constitutional harm, Mr. Turner urges the court to apply the definition of parole, as opposed to that of probation  Where as, parole fits his real life situation without constitutional harm.

Black's Law Dictionary, 2d. P. Ed., defines parole and probation, in pertinent part, as follows:

> Parole, the release of a prisoner from imprisonment before the full sentence has been served.

> Probation, a court imposed criminal sentence that, subject to state conditions, releases a convicted person into the community instead of sending the criminal to jail or prison.

Mr. Turner believes that he has established that no set of circumstances exist under which this statute can constitutionally operate, as it is now being applied, in his case.

Wherefore; Mr. Turner wholly prays aforementioned relief.

## DECLARATION

Petitioner declares pursuant to 28 U.S.C. §1746 that all information contained in this petition is true and correct.

Date: _July 16 2008_    _Shaunta Turner_

Shaunta Turner
Reg. No. 19035-424
F.C.I.
Box 1000
Oxford, WI.  53952

7.

CERTIFICATE OF FILING

I certify that I filed two copies of this §2255 motion and motion to proceed in forma paupers to the United States District Court, Northern District of Illinois, U.S. Clerk of Court, 219 S. Dearborn St. Room 2050, Chicago, IL. 60604 by sending it via U.S. Mail, postage pre-paid and first class on the 16 of July, 2008.

*Shaunta Turner* (signature)

Shaunta Turner
Reg. No. 19035-424
F.C.I.
Box 1000
Oxford, WI.  53952